MATTHEW S. FOY (SBN: 187238)
MARGRET G. PARKE (SBN: 126120)
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
mfoy@grsm.com
mparke@grsm.com

Attorneys for Plaintiff
EVANSTON INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois Corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>WINSTAR PROPERTIES, INC, a California Corporation; MANHATTAN MANOR, LLC, a limited liability company,<br><br>      Defendants. | CASE NO. 2:18-cv-7740<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT** |

   Plaintiff EVANSTON INSURANCE COMPANY ("Evanston") brings this action against Defendants WINSTAR PROPERTIES, INC. and MANHATTAN MANOR, LLC (collectively "Defendants") and alleges as follows:

**NATURE OF THE ACTION**

   1.  This is an action for declaratory relief pursuant to 28 U.S.C. § 2201(a), requesting a judgment declaring the respective rights and obligations of the parties in connection with an actual controversy arising under a policy of liability insurance issued by Evanston to defendant Winstar Properties, Inc. ("Winstar").

   2.  Evanston brings this action to obtain a declaration that it had no duty to defend Defendants in connection with an underlying lawsuit titled *Adela Hernandez,*

-1-

*et al. v. Winstar Properties, Inc., et al.*, U.S.D.C., Central District of California, Case No. 2-16-CV-04697-ODW-KS (the "Underlying Lawsuit"). Evanston further brings this action to obtain a declaration that it has no duty to indemnify Defendants in connection with any verdict or judgment entered against them in the Underlying Lawsuit and/or any settlement entered into on their behalf in connection with the Underlying Lawsuit.

3. This is also an action for reimbursement of amounts paid or to be paid by Evanston for defense costs incurred on behalf of Defendants in connection with the Underlying Lawsuit.

**PARTIES, JURISDICTION AND VENUE**

4. Plaintiff Evanston is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Illinois.

5. Defendant Winstar is a California corporation, with its principal place of business in California.

6. Defendant Manhattan Manor LLC ("Manhattan Manor") is a limited liability company, with its principal place of business in California and whose members reside in California.

7. This Court has jurisdiction over this matter pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds the jurisdictional limits of this Court.

8. Rule 57 of the Federal Rules of Civil Procedure provides that Evanston may seek a declaration from this Court as to the rights and obligations among and between the parties in relation to the Evanston policy at issue, including, but not limited to, whether Evanston has an obligation to provide a defense and/or indemnity to Defendants in connection with the claims asserted against them in the Underlying Lawsuit.

9. Venue is proper in this Court pursuant to U.S.C. § 1391 as Defendants reside in this judicial district and because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## THE UNDERLYING LAWSUIT

10. On June 28, 2016, plaintiffs in the Underlying Lawsuit filed a complaint against Defendants alleging a single cause of action for Violation of the Federal Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* On July 7, 2016, a First Amended Complaint ("FAC") was filed alleging the same cause of action.

11. Plaintiffs in the Underlying Lawsuit alleged they are tenants at three separate residential apartment units located in a building at 4330 City Terrace Drive in Los Angeles, California (the "Property") and that each of them is an immigrant from Mexico. Plaintiffs in the Underlying Lawsuit alleged that Winstar is the management company for properties owned by Manhattan Manor.

12. Plaintiffs in the Underlying Lawsuit alleged that Winstar and Manhattan Manor purchased the Property in January 2016 and two weeks after the purchase, on January 29, 2016, served Plaintiffs with notices of a rent increase effective April 1, 2016. Plaintiffs in the Underlying Lawsuit alleged that Defendants also served notices of rent increase on four additional units at the Property, whose tenants were not plaintiffs, but whose heads of households or their parents had immigrated to the United States from Mexico. Plaintiffs alleged that the only unit at the Property that was not served with a rent increase was occupied by tenants born in the United States.

13. Plaintiffs in the Underlying Lawsuits alleged that after the rent increase notices were served, they remained in their units at the Property even though they were unable to afford the rent increase which went into effect on April 1, 2016. Plaintiffs in the Underlying Lawsuit alleged that Defendants subsequently initiated unlawful detainer proceedings against them for non-payment of rent.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

14. Plaintiffs in the Underlying Lawsuit alleged that Defendants' rent increase policy had a disparate impact on households at the Property that are headed by Latino immigrants.

15. The Prayer for Relief in the FAC filed in the Underlying Lawsuit sought declaratory relief; injunctive relief; actual, consequential, incidental and statutory damages pursuant to 42 U.S.C. § 3613(c)(1); punitive damages; attorneys' fees and costs; and pre-judgment interest.

16. A mistrial was declared following a first trial of the Underlying Lawsuit on March 1, 2018. A verdict was rendered against Defendants in the second trial of the Underlying Lawsuit on August 3, 2018. Evanston is informed and believes and on that bases alleges that the parties to the Underlying Lawsuit have entered into a settlement of the Underlying Lawsuit or are in the process of settling the Underlying Lawsuit.

## TENDER OF THE UNDERLYING LAWSUIT

17. Evanston first received notice of the Underlying Lawsuit on behalf of Winstar on July 17, 2017, over one year after plaintiffs in the Underlying Lawsuit filed their complaint. On July 20, 2017, Evanston acknowledged receipt of the Underlying Lawsuit and reserved all rights under a Tenant Discrimination Liability Insurance Policy, policy no. TD808189, issued to Winstar and in force for the policy period June 30, 2016 to June 30, 2017 (the "Policy"). Evanston subsequently agreed to participate in Winstar's defense of the Underlying Lawsuit subject to a full and complete reservation of rights under the Policy.

## THE POLICY

18. Evanston issued Tenant Discrimination Liability Insurance Policy, policy no. TD808189, to Winstar which was in force for the policy period June 30, 2016 to June 30, 2017 (*i.e.,* the "Policy"). The Policy is subject to a Retroactive Date of June 30, 2016, and provides limits of $500,000 each Claim and in the aggregate, subject to a $5,000 deductible applicable to each Claim. Evanston's

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1 payment of "Claim Expenses" under the Policy reduce, and may exhaust, the
2 applicable limit of liability.

3     19.    Manhattan Manor is neither a Named Insured nor an additional insured
4 under the Policy.

5     20.    The Declaration page for the Policy provides, in part, as follows:

**CLAIMS MADE AND REPORTED COVERAGE: THE COVERAGES AFFORDED BY THIS POLICY ARE LIMITED TO LIABILITY FOR ONLY THOSE CLAIMS THAT ARE FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD, AND REPORTED TO THE COMPANY DURING THE POLICY PERIOD, OR WITHIN NINETY (90) DAYS AFTER THE EXPIRATION OF THE POLICY PERIOD**

10     21.    The Policy affords claims made and reported coverage to Winstar pursuant to Tenant Discrimination Liability Insurance Policy form METD 0001 02 13 which provides, in part, as follows:

**INSURING AGREEMENT**

A.   **Tenant Discrimination Liability Coverage**: The Company shall pay on behalf of the **Insured** all sums in excess of the Deductible and/or **Co-Insurance Obligation** stated in Item 6. of the Declarations which the **Insured** shall become legally obligated to pay as **Damages** as a result of a **Claim** first made against the **Insured** during the **Policy Period** or the **Extended Reporting Period**, if exercised, and reported to the Company pursuant to Claims A., Claim Reporting Period, by reason of **Wrongful Discrimination** by the **Insured** arising from the management or ownership of real property held for rental;

Provided:

1. The **Claim** is by a **Tenant** of a **Covered Property**; and

2. The entirety of the **Wrongful Discrimination** happens during the **Policy Period** or on or after **the Retroactive Date** stated in Item 4. of the Declarations and before the end of the **Policy Period**; and

3. Prior to the effective date of inception date of the first Tenant Discrimination Liability Policy issued by this Company to the **Named Insured** and continuously renewed and maintained in effect to the inception of this **Policy Period**, the **Insured** had no knowledge of such **Wrongful Discrimination** or any fact,

circumstance, situation or incident which may have led a reasonable person in the **Insured's** position to conclude that a **Claim** was likely.

\*\*\*

**DEFINITIONS**

\*\*\*

C.   **Claim** means the **Insured's** receipt of:

1. A written demand by a **Tenant** for **Damages** as a result of **Wrongful Discrimination** by the **Insured**;

2. The service of suit or institution of arbitration proceedings against the **Insured**; or

3. A written notice of an administrative proceeding action initiated by an **Authority** or **Tenant** as a result of **Wrongful Discrimination** by the **Insured** including any investigations, conciliation meetings or hearings.

\*\*\*

G.   **Damages** means the monetary portion of any judgment, award or settlement, including an award of reasonable attorney's fees and costs to a party making a **Claim** against the **Insured** for **Wrongful Discrimination**; however, **Damages** shall not include:

1. The return of rent or security deposits or other consideration paid to the **Insured**;

2. Any cost to repair, build or modify any **Covered Property** in order to make such property comply with any federal, state or local law, ordinance or statute, or to satisfy any judgment, award or settlement, or to comply with any award by a court, administrative order, arbitration award or any similar judgment;

3. Taxes, criminal or civil fines assessed against an **Insured** or other penalties imposed by law;

4. Sanctions; or

5. Matters which are uninsurable under the law pursuant to which this policy shall be construed.

\*\*\*

M.   **Tenant** means:

1. Any past, current or prospective renters of a **Covered Property**;

2. Any **Guest of a Tenant**; or

3. Any individual or group that purports to have standing to bring a **Claim** on its own behalf or to represent any past, current or prospective **Tenant** or **Guest of a Tenant**.

N. **Wrongful Discrimination** means:

1. Any unlawful discrimination against a **Tenant**:

    a. With respect to the terms and conditions of tenancy; or

    b. In refusing a lease, during the leasing process, or during the course of the lease; or

    c. In the refusal to allow access to the leased property; or

    d. In the eviction from the leased property; or

2. **Personal Injury** against a **Tenant**, but only if the **Personal Injury** is alleged to have been motivated by discrimination on the basis of race, color, religion, age, sex, sexual orientation, national origin, familial status or disability; or

3. Violation or alleged violation of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) or any similar law or local statute in connection with any **Tenant**; or

4. Violation or alleged violation of the following:

    a. U.S. Housing Act of 1937, 42 U.S.C. 1404 et seq., including the United States Department of Housing and Urban Development ("H.U.D.") regulations at 24 C.F.R. 792.101 through 882.407; and

    b. Federal Housing Standards set forth in 24 C.R.F. 882.109 and 882.404;

    c. Federal False Claims Act 31 U.S.C. 3729 (1994) for alleged violations arising from N.4.a. and N.4.b. above;

provided however, the Company's total obligation under this policy for **Damages** and **Claim Expenses** arising from items N.4.a., N.4.b and/or N.4.c. shall not exceed the Limit of Liability stated in Item 5.b. of the Declarations as applicable to All U.S. H.U.D. **Claims**, which amount is a part of and not in addition to the Limits of Liability stated on the Declarations as applicable to Each **Claim** or Policy Aggregate; provided further that if such Limit of Liability is shown on the Declarations as Not Purchased, this Item N.4. will not apply.

**THE EXCLUSIONS**

This policy does not apply to any **Claim**:

\*\*\*

G. based upon, arising out of, or in any way involving any **Wrongful Discrimination** or any fact, circumstance or situation that has been the subject of any notice given prior to the Policy Period under any other policy of insurance or to any reinsurer, risk

-7-
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

retention group or captive (or any other self-insurance plan or trust by whatsoever name) or insurance representative.

\*\*\*

## LIMITS OF LIABILITY

A. **Limit of Liability – Each Claim**: The total liability of the Company for the combined total of **Damages** and **Claim Expenses** for each **Claim** first made against the **Insured** during the **Policy Period** and the **Extended Reporting Period**, if exercised, shall not exceed the Limit of Liability stated in Item 5.a. of the Declarations as applicable to Each **Claim**.

\*\*\*

D. **Multiple Insureds, Claims and Claimants**: The inclusion herein of more than one **Insured** in any **Claim** or the making of **Claims** by more than one person or organization shall not operate to increase the Limits of Liability stated in Item 5. of the Declarations. More than one **Claim** arising out of a single **Wrongful Discrimination** or a series of related **Wrongful Discriminations** shall be treated as a single **Claim**. Such single **Claim** shall be deemed first made on the date on which the earliest **Claim** arising out of such **Wrongful Discrimination** is made or with respect to written notice given to and accepted by the Company pursuant to Section Claims B., Discovery Clause, on the date within the **Policy Period** on which such written notice of potential **Claim** is first received by the Company.

\*\*\*

## DEFENSE, SETTLEMENTS AND CLAIMS EXPENSE

A. **Defense, Investigation and Settlement of Claims**:

1. The Company shall have the right and duty to defend the **Insured** and to investigate any **Claim** to which coverage under this policy applies pursuant to the following provisions:

   a. **Claim Expenses** incurred in defending and investigating such **Claim** shall be a part of and shall not be in addition to the Limits of Liability stated in Item 5. of the Declarations. Such **Claim Expenses** shall reduce the Limits of Liability and shall be applied against any applicable Deductible and **Co-Insurance Obligation**. The Company shall have no obligation to pay any **Damages** or to defend or continue to defend any **Claim** of to pay **Claim Expenses** after the Limits of Liability stated in Item 5. of the Declarations have been exhausted by payment(s) of **Damages** and/or **Claim Expenses**.

\*\*\*

## CLAIMS

A. **Claim Reporting Provision**: It is a condition precedent to coverage afforded by this policy that the **Insured** shall give to the Company written notice as stated in Item 10. of the Declarations as soon as

> practicable of any **Claim** first made against the **Insured** during the **Policy Period**. In any event, such **Claim** must be reported to Markel Service, Incorporated, Ten Parkway North, Deerfield, Illinois, 60015, on behalf of the Company, within ninety (90) days after the end of the **Policy Period**.
>
> In the event a suit is brought against the **Insured**, the **Insured** shall immediately forward to Markel Service, Incorporated, Ten Parkway North, Deerfield, Illinois, 60015, on behalf of the Company, every demand, notice, summons or other process received by him/her or by his/her representatives.

22. In addition to the terms, conditions, exclusions, and definitions set forth above, the Policy contains other provisions which Evanston may rely on in support of the relief sought herein.

## FIRST CAUSE OF ACTION

**(Declaratory Relief Against All Defendants – No Duty to Defend)**

23. Evanston incorporates by reference paragraphs 1 through 22, inclusive as though set forth in full herein.

24. An actual and present controversy has arisen and now exists between Evanston and Defendants concerning their respective rights and obligations under the Policy with respect to the Underlying Lawsuit. Evanston contends it owed no duty to defend Defendants in connection with the Underlying Lawsuit for at least the following reasons:

    a. Under the "Insuring Agreement" in the Policy, coverage only applies, *inter alia,* if "[t]he entirety of the **Wrongful Discrimination** happens during the **Policy Period** or on or after the **Retroactive Date** stated in Item 4. of the Declarations and before the end of the **Policy Period**." This requirement was not satisfied by the Underlying Lawsuit.

    b. Under the "Insuring Agreement" in the Policy, coverage only applies, *inter alia,* to "a **Claim** first made against the **Insured** during the **Policy Period** or the **Extended Reporting Period**, if exercised, and reported to the Company pursuant to Claims A., Claim Reporting Period" and

-9-
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

only if, prior to inception of the Policy, "the **Insured** had no knowledge of such **Wrongful Discrimination** or any fact, circumstance, situation or incident which may have led a reasonable person in the **Insured's** position to conclude that a **Claim** was likely." These requirements were not satisfied including, but not limited to, because the original complaint in the Underlying Lawsuit was filed prior to inception of the Policy.

    c. The "Claim Reporting Provision" in the Policy provides, *inter alia,* that "[i]t is a condition precedent to coverage afforded by this policy that the **Insured** shall give to the Company written notice as stated in Item 10. of the Declarations as soon as practicable of any **Claim** first made against the **Insured** during the **Policy Period**" and further provides that "[i]n the event a suit is brought against the **Insured**, the **Insured** shall immediately forward … every demand, notice, summons or other process received by him/her or by his/her representatives." This requirement was not satisfied including, but not limited to, because notice of the Underlying Lawsuit on behalf of Winstar was not provided to Evanston until on July 17, 2017, over one year after the complaint in the Underlying Lawsuit was filed.

    d. Defendant Manhattan Manor is not an insured under the Policy.

    e. Evanston also owed no duty to defend the Underlying Lawsuit in light of other terms, provisions, conditions, exclusions, and endorsements in the Policy.

25. Evanston is informed and believes, and on that basis alleges, that Defendants contend Evanston owed them a duty to defend under the Policy in connection with the Underlying Lawsuit despite the foregoing.

26. Evanston seeks a judicial declaration regarding the respective rights and duties of the parties under the Policy and, specifically, that Evanston did not

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

owe and never owed a duty to defend the Underlying Lawsuit. Evanston has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

## SECOND CAUSE OF ACTION

**(Declaratory Relief Against All Defendants – No Duty To Indemnify)**

27. Evanston incorporates by reference paragraphs 1 through 26, inclusive as though set forth in full herein.

28. An actual and present controversy has arisen and now exists between Evanston and Defendants concerning the respective rights and obligations under the Policy with respect to the Underlying Lawsuit. Evanston contends it owes no duty to indemnify Defendants in connection with the Underlying Lawsuit for at least the following reasons:

    a. Under the "Insuring Agreement" in the Policy, coverage only applies, *inter alia,* if "[t]he entirety of the **Wrongful Discrimination** happens during the **Policy Period** or on or after the **Retroactive Date** stated in Item 4. of the Declarations and before the end of the **Policy Period**." This requirement was not satisfied by the Underlying Lawsuit.

    b. Under the "Insuring Agreement" in the Policy, coverage only applies, *inter alia,* to "a **Claim** first made against the **Insured** during the **Policy Period** or the **Extended Reporting Period**, if exercised, and reported to the Company pursuant to Claims A., Claim Reporting Period" and only if, prior to inception of the Policy, "the **Insured** had no knowledge of such **Wrongful Discrimination** or any fact, circumstance, situation or incident which may have led a reasonable person in the **Insured's** position to conclude that a **Claim** was likely." These requirements were not satisfied including, but not limited to, because the original complaint in the Underlying Lawsuit was filed prior to inception of the Policy.

-11-
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

    c. The "Claim Reporting Provision" in the Policy provides, *inter alia,* that "[i]t is a condition precedent to coverage afforded by this policy that the **Insured** shall give to the Company written notice as stated in Item 10. of the Declarations as soon as practicable of any **Claim** first made against the **Insured** during the **Policy Period**" and further provides that "[i]n the event a suit is brought against the **Insured**, the **Insured** shall immediately forward … every demand, notice, summons or other process received by him/her or by his/her representatives." This requirement was not satisfied including, but not limited to, because notice of the Underlying Lawsuit on behalf of Winstar was not provided to Evanston until on July 17, 2017, over one year after the complaint in the Underlying Lawsuit was filed.

    d. Defendant Manhattan Manor is not an insured under the Policy.

    e. The verdict rendered against Defendants in the Underlying Lawsuit and/or the settlement entered into by and between Defendants and the plaintiffs in the Underlying Lawsuit involved relief which does not qualify as "Damages" as that terms is defined in the Policy or which is otherwise uninsurable under California law.

    f. Evanston also owes no duty to indemnify Defendants in connection with the Underlying Lawsuit in light of other terms, provisions, conditions, exclusions, and endorsements in the Policy.

29. Evanston is informed and believes, and on that basis alleges, that Defendants contend that Evanston owes them a duty to indemnify under the Policy in connection with the Underlying Lawsuit despite the foregoing.

30. Evanston seeks a judicial declaration regarding the respective rights and duties of the parties under the Policy and, specifically, that Evanston does not owe a duty to indemnify in connection with the Underlying Lawsuit. Evanston has

no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

## THIRD CAUSE OF ACTION

### (Reimbursement Against Defendants)

31. Evanston incorporates by reference paragraphs 1 through 30, inclusive as though set forth in full herein.

32. Evanston's agreement to participate in the defense of the Underlying Lawsuit was subject to a full and complete reservation of rights, including the right to seek reimbursement of amounts incurred in the defense of claims that were not potentially covered under the Policy.

33. Evanston has paid amounts to defend the Underlying Lawsuit which are neither covered nor potentially covered under the Policy, resulting in unjust enrichment to Defendants in the amount of such payments.

34. As a result of such unjust enrichment, a quasi-contractual right of reimbursement has arisen in favor of Evanston against Defendants.

## PRAYER

WHEREFORE, Evanston prays for judgment against Defendants as follows:

1. For a judicial determination that Evanston owed no duty to defend Winstar and Manhattan Manor in connection with the Underlying Lawsuit;
2. For a judicial determination that Evanston owes no duty to indemnify Winstar and Manhattan Manor in connection with the Underlying Lawsuit;
3. For an order that Defendants are obligated to reimburse Evanston for amounts it has incurred in the defense of the Underlying Lawsuit;
4. For costs of suit incurred in this action, according to proof; and
5. For such other relief as the Court may deem just and proper.

-13-
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Dated: September 5, 2018

GORDON & REES LLP

By: _____
Matthew S. Foy
Margret G. Parke
Attorneys for Plaintiff
EVANSTON INSURANCE COMPANY

-14-
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT