Boris Treyzon, Esq. (SBN 188893)
Douglas R. Rochen , Esq. (SBN 217231)
Sara A. McClain, Esq. (SBN 268429)
**ABIR COHEN TREYZON SALO, LLP**
1901 Avenue of the Stars, Suite 935
Los Angeles, CA 90067
Telephone: (424) 288-4367
Facsimile: (424) 288-4368

Defendants
WINSTAR PROPERTIES, LLC (erroneously
served as Winstar Properties, Inc.) and
MANHATTAN MANOR, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois Corporation,<br><br>      Plaintiff,<br><br>      vs.<br><br>WINSTAR PROPERTIES, INC., a California Corporation; MANHATTAN MANOR, LLC,  a limited liability company<br><br>      Defendants.<br>_____ | Case No.: 2:18-cv-7740<br><br>**DEFENDANTS WINSTAR PROPERTIES, LLC AND MANHATTAN MANOR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:     September 5, 2018 |

Defendants WINSTAR PROPERTIES, LLC ("Winstar") and MANHATTAN MANOR, LLC ("Manhattan") (collectively "Defendants") hereby respond to plaintiff EVANSTON INSURANCE COMPANY's ("Plaintiff") Complaint for Declaratory Relief and Reimbursement as follows:

## NATURE OF THE ACTION

1.     Answering Paragraph 1 of the Complaint, Defendants admit Plaintiff's description as to the nature of the action, though the substance of the information contained therein does not constitute a material allegation.

2.    Answering Paragraph 2 of the Complaint, Defendants admit Plaintiff's description as to the nature of the action, though the substance of the information contained therein does not constitute a material allegation.

3.    Answering Paragraph 3 of the Complaint, Defendants admit Plaintiff's description as to the nature of the action, though the substance of the information contained therein does not constitute a material allegation.

## PARTIES, JURISDICTION AND VENUE

4.    Answering Paragraph 4 of the Complaint, Defendants admit all allegations set forth therein.

5.    Answering Paragraph 5 of the Complaint, Defendants deny that Winstar is a California corporation but admit all other allegations set forth in Paragraph 5.

6.    Answering Paragraph 6 of the Complaint, Defendants admit the allegations set forth therein.

7.    Answering Paragraph 7 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

8.    Answering Paragraph 8 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

9.    Answering Paragraph 9 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

/ / /

/ / /

/ / /

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

## **THE UNDERLYING LAWSUIT**

10.    Answering Paragraph 10 of the Complaint, Defendants admit the allegations set forth therein accurately summarize excerpted portions of the allegations pled in the Underlying Lawsuit.  As to the remainder the allegations set forth in Paragraph 10, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein

11.    Answering Paragraph 11 of the Complaint, Defendants admit the allegations set forth therein accurately summarize excerpted portions of the allegations pled in the Underlying Lawsuit.

12.    Answering Paragraph 12 of the Complaint, Defendants admit the allegations set forth therein accurately summarize excerpted portions of the allegations pled in the Underlying Lawsuit.

13.    Answering Paragraph 13 of the Complaint, Defendants admit the allegations set forth therein accurately summarize excerpted portions of the allegations pled in the Underlying Lawsuit.

14.    Answering Paragraph 14 of the Complaint, Defendants admit the allegations set forth therein accurately summarize excerpted portions of the allegations pled in the Underlying Lawsuit.

15.    Answering Paragraph 15 of the Complaint, Defendants admit the allegations set forth therein accurately summarize excerpted portions of the allegations pled in the Underlying Lawsuit.

16.    Answering Paragraph 16 of the Complaint, Defendants admit the allegations set forth therein.

17.    Answering Paragraph 17 of the Complaint, Defendants deny that Evanston reserved all rights under the applicable insurance policy on July 20, 2017. Defendants further deny that Evanston's agreement to participate in the defense was

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

made subject to a full and complete reservation of rights.  Defendants admit the remaining allegations set forth in Paragraph 17.

18.    Answering Paragraph 18 of the Complaint, Defendants admit the allegations set forth therein accurately summarize selected excerpts of the Policy.

19.    Answering Paragraph 19 of the Complaint, Defendants deny all allegations set forth therein.

20.    Answering Paragraph 20 of the Complaint, Defendants admit the allegations set forth therein accurately identify selected excerpts of the Policy.

21.    Answering Paragraph 21 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations stating that the Policy affords only claims made and reported coverage.  As to the remainder of the allegations set forth in Paragraph 21, Defendants admit said allegations accurately identify selected excerpts of the Policy.

22.    Answering Paragraph 22 of the Complaint, Defendants deny all allegations set forth therein.

23.    Answering Paragraph 23 of the Complaint, Defendants reallege and incorporate by reference each and every denial, admission, and allegation contained in paragraphs 1 through 22 of this Answer.  Except as specifically admitted or alleged, Defendants deny each and every remaining allegation of Paragraph 23 of the Complaint.

24.    Answering Paragraph 24 of the Complaint, Defendants deny each and every allegation contained therein.

25.    Answering Paragraph 25 of the Complaint, Defendants admit that Evanston owed Defendants a duty to defend under the Policy in connection with the Underlying Lawsuit.  As to the remainder of the allegations set forth in Paragraph 25, Defendants deny each and every allegation contained therein.

26.    Answering Paragraph 26 of the Complaint, Defendants deny each and every allegation contained therein.

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

27.    Answering Paragraph 27 of the Complaint, Defendants reallege and incorporate by reference each and every denial, admission, and allegation contained in paragraphs 1 through 26 of this Answer.  Except as specifically admitted or alleged, Defendants deny each and every remaining allegation of Paragraph 27 of the Complaint.

28.    Answering Paragraph 28 of the Complaint, Defendants deny each and every allegation contained therein.

29.    Answering Paragraph 29 of the Complaint, Defendants admit that Evanston owed Defendants a duty to indemnify Defendants under the Policy in connection with the Underlying Lawsuit.  As to the remainder of the allegations set forth in Paragraph 29, Defendants deny each and every allegation contained therein.

30.    Answering Paragraph 30 of the Complaint, Defendants deny each and every allegation contained therein.

31.    Answering Paragraph 31 of the Complaint, Defendants reallege and incorporate by reference each and every denial, admissions, and allegation contained in paragraphs 1 through 30 of this Answer.  Except as specifically admitted or alleged, Defendants deny each and every remaining allegation of Paragraph 31 of the Complaint.

32.    Answering Paragraph 32 of the Complaint, Defendants deny each and every allegation contained therein.

33.    Answering Paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

34.    Answering Paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

35.    Defendants deny the merit of each and every request for relief made by Plaintiff throughout the Complaint and in the summary of the Prayer contained in paragraphs 1 through 5 of the "Prayer."

/ / /

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

## AFFIRMATIVE DEFENSES TO COMPLAINT

As to all allegations within the Complaint or any paragraphs within the Complaint that is not expressly admitted or denied above, Defendants hereby deny that they are liable to Plaintiff on any of the claims alleged and deny that Plaintiff is entitled to any relief whatsoever, and further asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

36.   Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

37.   Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

38.   Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

39.   Plaintiff has waived its right to assert the claims and/or seek the relief set forth in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

40.   Plaintiff is estopped from asserting the claims and/or seeking the relief set forth in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

41.   Plaintiff has failed to join an indispensable party under Federal Rules of Civil Procedure Rule 19.

/ / /

/ / /

/ / /

/ / /

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

## __ADDITIONAL AFFIRMATIVE DEFENSES__

42.   Defendants expressly reserve the right to amend and supplement its defenses herein to assert additional defenses upon completion of further investigation and discovery.


Dated:  October 4, 2018          ABIR COHEN TREYZON SALO, LLP


By: /s/ Sara A. McClain
      Sara A. McClain, Esq.
      Attorneys for Defendants WINSTAR PROPERTIES, INC. and MANHATTAN MANOR, LLC

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**